ANDREW ROCHEFORT *vs.* INHABITANTS OF ATTLEBOROUGH.

Bristol.     October 31, 1890. — June 26, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Defect in Highway — Actionable Negligence.*

A town is not liable for an accident caused by a defect in a highway culvert so constructed that such a defect was likely to occur in the remote future, where the defect had not existed at the time of the accident for such a length of time as to make the town chargeable with notice thereof, and there had been no such defect in the way at that place for more than a year previously, although there was much heavy travel over the road.

TORT for personal injuries caused by an alleged defect in a highway which the defendant town was bound to keep in repair. Trial in the Superior Court, before *Hammond*, J., who reported the case for the determination of this court, in substance as follows.

The plaintiff was travelling in a carriage along the highway in question at six o'clock on the morning of February 9, 1889. The plaintiff's horse put his foot into a hole in the travelled part of the highway over a culvert, and fell, throwing the plaintiff out and causing the injuries complained of. There was no evidence that any hole had appeared over the culvert, except on the day of the accident, for over a year; and it appeared that

the plaintiff and others had passed over the culvert on the night before, and had not seen any hole. The plaintiff contended that the culvert was so defectively constructed that in the use of the highway such a hole was liable to occur, and, against the defendant's objection, was allowed to introduce evidence tending to show that the sides of the culvert were built of rough stones put together without cement, and that the top was formed of common ledge stones laid across the opening and resting upon the sides so as to cover it, the top being covered with dirt about eighteen inches deep; that within the last six years two other holes similar to the one in question had appeared in the highway at a different place, but over the same culvert; that the more recent of these holes had been repaired something over a year before the accident; and that about two years before the accident the road surveyor had talked with one of the selectmen, and told him that a new culvert was needed, and the quicker the town got it done the better; and a resident living near the culvert who was present at the same conversation told the selectmen that the culvert was not safe, but the selectman had replied that the town could not afford to build a new culvert, and the matter was dropped. There was also evidence that the hole where the accident occurred, and also one of the earlier holes, appeared to be caused by one of the capstones slipping off from one side and dropping down; and that the heavy travel over the road might cause the covering stones to wear out at the edges and drop down and cause a hole similar to that in question. A witness for the plaintiff testified that, both before and after the two earlier holes had been repaired, he had travelled along the road at that point thousands of times, and with heavy loads.

The judge ruled that the plaintiff had failed to show any negligence for which the town was liable, and ordered a verdict for the defendant. If the ruling was wrong, the verdict was to be set aside, and the case stand for trial; otherwise, judgment was to be entered on the verdict.

The case was argued at the bar in October, 1890, and afterwards, in June, 1891, was submitted on the briefs to all the judges except *Morton*, J.

*A. J. Jennings*, for the plaintiff.

*C. W. Clifford*, for the defendant.

ALLEN, J.  The ground on which the plaintiff seeks to maintain his case is, that the culvert was built in an improper manner, so that the earth above it was likely to subside and make a hole in the road; and that under these circumstances greater diligence was required, on the part of the town authorities, in guarding against injury or damage to travellers than otherwise might have been sufficient.  *Olson* v. *Worcester*, 142 Mass. 536. There was, however, no evidence that the hole which caused the injury to the plaintiff had actually existed for any such length of time before the accident as to make the town chargeable with notice thereof, and there had been no hole in the road at that place for more than a year previously, although there was much heavy travel over the road, and one of the plaintiff's witnesses went so far as to testify that he had himself driven heavy loads across there thousands of times.  Under such circumstances, although the culvert was not so well built as to be likely to stand many years without repairs, it could not properly be held that the danger of a subsidence of the road was so imminent as to warrant holding the town chargeable with actionable neglect. It would throw too heavy a burden upon towns for the court, without more explicit legislation looking to that end, to hold them responsible merely because a road is so constructed that a defect therein of this character is likely to occur in the remote future.  There was no apparent probability that the culvert would break down all at once, and without previous warning, thus making it dangerous to pass over it at all.  *McGaffigan* v. *Boston*, 149 Mass. 289.  *Adams* v. *Chicopee*, 147 Mass. 440. *Hanscom* v. *Boston*, 141 Mass. 242.  *Post* v. *Boston*, 141 Mass. 189.  In the opinion of a majority of the court, the entry must be,

*Judgment on the verdict.*