HATHERLY A. STODDARD *vs.* INHABITANTS OF WINCHESTER.

Middlesex.  January 14, 1891. — June 26, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, LATHROP,
& BARKER, JJ.

*Defect in Highway — Implied Notice.*

The fact that a way is so constructed that it is not likely to keep in good condition for a great length of time will not impose liability on the town which is bound to keep it in repair, unless the danger is so imminent that it can fairly be said to show a want of reasonable care and diligence to omit guarding against it at once.

In an action to recover for personal injuries occasioned by an alleged defect in a highway which the defendant town was bound to keep in repair, it appeared in evidence that the defect consisted in a softening of the earth in the road, under

the influence of a heavy storm, due to the digging of a trench for a water-pipe about six months before the accident, and that the road had been used meanwhile without the earth softening or any danger or defect existing until within an hour of the accident; and there was no claim that the town had notice, or might by the exercise of reasonable care and diligence have had notice, of the actual softening of the earth. *Held,* that the plaintiff was not entitled to go to the jury.

TORT, to recover damages for injuries sustained through a defect in Lincoln Street, a highway which the defendant town was bound to keep in repair. Trial in the Superior Court, before *Thompson,* J., who allowed a bill of exceptions in substance as follows.

There was evidence tending to prove the following facts. About six months prior to the accident, the employees of the water board of the town had dug a trench through Lincoln Street, laid a water-pipe therein, and replaced the earth. The street had been used thereafter up to the time of the accident. There was no evidence that the earth in the trench had softened, or that any danger or defect existed, until within an hour of the plaintiff's accident, nor was there any claim that the town had notice, or might by the exercise of reasonable care and diligence have had notice, of the actual softening of the earth in the trench.

The defendant asked the judge to rule that unless the town had reasonable notice, or might have had notice by the exercise of proper care and diligence, that the earth in the trench had actually become softened by the rains or other causes so that the street was dangerous, the plaintiff could not recover; and that if there were no outward signs that the earth in the trench had become softened, and if a careful observer would not have discovered the defective condition until two hours before this accident, the plaintiff could not maintain this action. The judge declined so to rule, and instructed the jury that "if the town was guilty of negligence in the filling of the trench, and so negligently filled it that ordinary rains and ordinary natural causes would make the earth in the trench so soft as to make the street unsafe and dangerous for persons travelling thereon in the exercise of ordinary care, and the town knew of this condition of the street, or in the exercise of reasonable care ought to have known of this condition of the street, of its liability so to become soft and unsafe and dangerous for travellers, and in

the exercise of reasonable care could have remedied that condition of the street, or prevented the injury, then the town may be liable, if all the other conditions exist necessary to fix its liability."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

The case was argued at the bar, in January, 1891, and afterwards in June following was submitted on the briefs to all the judges.

*S. J. Elder*, for the defendant.

*J. T. Wilson*, for the plaintiff.

ALLEN, J. The softening of the earth in the road, under the influence of a heavy storm, appears to have been due to the digging of a trench for a water-pipe about six months previously to the time of the accident. The street had been used meanwhile, and there was no evidence that the earth had softened, or that any danger or defect existed, until within an hour of the plaintiff's accident; and there was no claim that the town had notice, or might by the exercise of reasonable care and diligence have had notice, of the actual softening of the earth.

Under these circumstances, we think the case should have been withdrawn from the jury. In order to hold a town responsible on the ground of implied notice of a defect in the road, there should be such a condition of things as fairly to indicate that there may at any time be danger in using the road. It is not necessary that roads should be built according to the highest standards of engineering; and the practical rule that must be adopted in order to impose liability in such cases is, that the condition of the road must be such that danger may reasonably be apprehended at any time, and therefore ought to be guarded against. See *Rochefort* v. *Attleborough, ante,* 140. The fact that a road is so constructed that it is not likely to keep in good condition for a great length of time, will not impose liability on the town which is bound to keep it in repair, unless the danger is so imminent that it can fairly be said to show a want of reasonable care and diligence to omit guarding against it at once. Such was not the present case. In the opinion of a majority of the court, the entry must be,

*Exceptions sustained.*