## ANNIE L. PARKER *vs.* CITY OF BOSTON.

Suffolk.   ·January 9, 1900. — March 3, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Defective Highway — Liability of City — "Reasonable Care and Diligence."*

If, in an action under Pub. Sts. c. 52, § 18, for injuries occasioned to a traveller on a highway, there is no evidence that the defendant knew of the defect if there was one, in the absence of evidence to show how long it had been there, it cannot be said that the defendant ought, in the exercise of reasonable care and diligence, to have known of it and remedied it.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in Ruggles Street, a highway in Boston.   Trial in the Superior Court, before *Aiken*, J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*F. R. Rogers & J. Perrins, Jr.*, for the plaintiff.

*S. H. Hudson & P. Nichols*, for the defendant.

MORTON, J.   The evidence leaves it entirely uncertain how long the alleged defect had existed.   One witness testified that she " had been through there Sunday night before, to church." But she did not testify, and does not appear to have been asked, as to the condition at that time.   If there was a defect the plaintiff was bound to show either that the defendant knew it, or in the exercise of reasonable care and diligence ought to have known of it in season to remedy it.   Pub. Sts. c. 52, § 18.   There was no evidence that the defendant knew of the defect if there was one and in the absence of evidence to show how long it had been there it cannot be said that the defendant ought in the exercise of reasonable care and diligence to have known of it and remedied it.

*Exceptions overruled.*