### DAVID H. MILLER *vs.* CITY OF NORTH ADAMS.

Berkshire.    October 29, 1902. — February 25, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Way,* Defect in highway. *Evidence,* Remoteness.

Where there is nothing on the surface of a highway to indicate that a culvert under it is out of repair or to indicate that an examination is necessary, the failure of the city in which the highway lies to make an examination during a period of twenty years does not justify a finding that the city by the exercise of proper care and diligence might have had notice that the culvert was out of repair, so as to make the city liable to a traveller whose horse breaks through the roadway into the culvert.

In an action against a city for an injury from an alleged defect in a highway, caused by the rotten condition of the timbers of a culvert under the roadway, if there is evidence tending to show that the culvert and the roadway remained practically in the same condition for ten or twelve days after the accident, evidence as to the condition of the timbers at the expiration of that time is admissible.

TORT, under Pub. Sts. c. 52, § 18, for personal injuries caused by an alleged defect in West Main Street, a highway of the defendant.    Writ dated September 13, 1900.

In the Superior Court *Aiken,* J. refused to make the rulings requested by the defendant.    The jury returned a verdict for the plaintiff in the sum of $3,000; and the defendant alleged exceptions.

The case was submitted on briefs at the sitting of the court in October, 1902, and afterwards was submitted on briefs to all the justices.

*C. T. Phelps & P. J. Ashe,* for the defendant.

*C. J. Parkhurst & M. E. Couch,* for the plaintiff.

MORTON, J.    This is an action for personal injuries caused by an alleged defect in a public highway in the defendant city. The plaintiff's horse broke through the roadway into a culvert which ran across the road, and the plaintiff was thrown from

his carriage, and received the injuries complained of. There was a verdict for the plaintiff, and the case is here on exceptions taken by the defendant to the refusal of the judge to rule as requested, and to the admission of certain evidence.

The defendant had no actual notice of the defect before the accident, and the principal question is whether it had implied notice, that is, whether in the exercise of the reasonable care and diligence which is required of cities and towns to guard against defects in the public ways it should have discovered and remedied it. On this question it seems to us that the cases of *Rochefort* v. *Attleborough*, 154 Mass. 140, and *Stoddard* v. *Winchester*, 154 Mass. 149, are decisive of this case. See also *Brummett* v. *Boston*, 179 Mass. 26. In *Stoddard* v. *Winchester*, it is said that " In order to hold a town responsible on the ground of implied notice of a defect in the road, there should be such a condition of things as fairly to indicate that there may at any time be danger in using the road. It is not necessary that roads should be built according to the highest standards of engineering; and the practical rule that must be adopted in order to impose liability in such cases is, that the condition of the road must be such that danger may reasonably be apprehended at any time, and therefore ought to be guarded against. See *Rochefort* v. *Attleborough, supra.* The fact that a road is so constructed that it is not likely to keep in good condition for a great length of time, will not impose liability on the town which is bound to keep it in repair, unless the danger is so imminent that it can fairly be said to show a want of reasonable care and diligence to omit guarding against it at once." When the case came up again, (157 Mass. 567,) it was held that there was evidence which was not before the court at the first trial which justified a finding that there was a defect within the principles thus laid down, and that the town had notice of it or might have had notice of it by proper care and diligence, the trench having been filled in in such a way as not to make it safe, and to leave it liable to become at any time a source of danger to travellers on the highway. In the present case there was nothing in the manner in which the culvert was originally constructed to render it unsafe or dangerous. The utmost that can be said is that there was a probability that the timbers would decay in the course of time, and that what did happen might sometime happen. But this

was far from constituting implied notice of the defect complained of; otherwise, since all roads and highways are liable to get out of repair at some time, towns and cities would be precluded from denying that they had notice of the want of repair at any given time. In the present case there was nothing in the surface of the road or the appearance of the culvert to indicate that the culvert was out of repair. Indeed, there was uncontradicted testimony that in February before the accident, which was in March, and in the previous November and October, it was apparently in good condition with the capstones and timber in place and the water flowing through it freely. The plaintiff relies on the fact that no examination had ever been made of the timbers from the time when the culvert was constructed in 1880 down to the time of the accident to see if they were sound, and on testimony tending to show that about ten years before in cutting through them to lay a water pipe, a former superintendent of streets found, as he testified, " easy chopping." But, in the absence of anything to indicate that an examination was necessary, the defendant was not called upon to make one, and cannot therefore be chargeable with implied notice of what the examination, if one had been made, would have disclosed. There is nothing to show that the condition ten years ago was such that danger might reasonably be apprehended at any time, and therefore that the defect complained of ought to have been guarded against. Indeed, the event shows that it would have been unreasonable to apprehend danger at that time. The case of *Rochefort* v. *Attleborough, supra,* was stronger for the plaintiff than this, but the court held that the defendant was not liable. We think that the jury should have been instructed as requested " that there was no evidence . . . that there was a defect or want of repair of which the defendant had notice or might have had notice by the exercise of reasonable care and diligence."

We think that the evidence that was objected to was rightly admitted.*

It is not necessary to consider the other exceptions.

*Exceptions sustained.*

---

* The evidence objected to referred to the condition of the timbers ten or twelve days after the accident. There was evidence tending to show that the culvert and the roadway remained practically in the same condition for ten or twelve days after the accident.