MARTIN COMERFORD *vs.* CITY OF BOSTON.

Suffolk.   January 12, 1905. — March 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Way,* Defect in highway.

Under Pub. Sts. c. 52, § 18, (R. L. c. 51, § 18,) it is a question of fact for the jury whether a city had, or by the exercise of proper care and diligence might have had, reasonable notice of a defect in a highway consisting of the depression of a sidewalk below the curbstone of nearly or quite two inches, if it appears that the street was a much travelled one and that the inner side of the curbstone above the depression was pretty nearly black, and stained, old looking and dirty.

LATHROP, J.   This is an action of tort for personal injuries sustained by the plaintiff by an alleged defect in a public highway in the city of Boston, on March 16, 1901.  At the trial in the Superior Court the plaintiff testified that he was going down Tremont Street in a southerly direction, and started to cross from the easterly side of Berkeley Street to the opposite corner of Berkeley Street and Warren Avenue ; that as he was passing from the sidewalk to the cross walk leading diagonally across to the corner of Berkeley Street and Warren Avenue, he tripped against the curbstone and fell upon the flagging of the cross walk ; that when he got up he hobbled back to see what tripped him, and found that the sidewalk at the curbing " had settled down and the curbing was projecting up," and that the sidewalk was depressed about two inches below the level of the curbstone, for a distance of six or eight feet.

The plaintiff further testified that Berkeley Street at the

point where the accident occurred was a much travelled highway; that there was a church on one corner of Warren Avenue and Berkeley Street, and an Odd Fellows' Building on the other. There were also stores and restaurants on the first floors of the other buildings, and there were street railway tracks in Berkeley Street.

A witness for the plaintiff testified that three days after the accident he went to the place of the accident and measured the depression and found it to be " a strong inch and a half," and he would say an eighth of an inch over, probably. He further testified that the facing of the inside of the curbstone, the inch and a half, was " pretty nigh black "; and, when asked what he meant by that, he answered: " Stained, old-looking, dirty."

A captain of police testified for the defendant that after the accident, and after he had received notice of it, he measured the depression and found it to be a quarter of an inch in some places, and half an inch in others; that in his opinion the depression was owing to the action of the frost in the springtime. On cross-examination, the witness testified that he did not know whether the frost caused the depression or not, nor when the frost caused it.

At the close of the evidence the defendant requested the judge to rule that there was no evidence in the case which would warrant the jury in finding that the alleged defect had existed such a length of time that the city knew of it, or by the exercise of reasonable care and diligence might have known of it in season to have remedied it, and prevented the injury to the plaintiff. The defendant also asked the judge to rule that, on all the evidence, the plaintiff could not maintain the action. The judge declined to give the rulings requested. The jury returned a verdict for the plaintiff; and the defendant excepted to the refusal to give the rulings requested.

The only argument addressed to us in support of the second request is that the first request should have been given.

At the time of the accident the Pub. Sts. c. 52, § 18, were in force. This statute was based upon the St. of 1877, c. 234, § 2, and the law is now to be found in the R. L. c. 51, § 18. At the time of the accident there could be no recovery for a defect in a highway of a city or town, unless it " had reasonable notice of

the defect, or might have had notice thereof, by the exercise of reasonable care and diligence."

The defendant has argued this case as if the language just cited is first to be found in the St. of 1877, c. 234, § 2; and its counsel complains that in the last paragraph of the opinion in *Welsh* v. *Amesbury*, 170 Mass. 437, the court has cited cases all of which but one were prior to the St. of 1877. A brief statement of the legislation on this subject will show that the provision in question is of much earlier origin. It goes back to the St. of 1786, c. 81, § 7, where the language is " in case they had reasonable notice of the defect." This section was changed by the Rev. Sts. c. 25, § 22, by adding after the words " by reason of any defect or want of repair" the words " which has existed for the space of twenty-four hours." The section however retained the clause in substance of the St. of 1786, c. 81. The St. of 1850, c. 5, repealed the Rev. Sts. c. 25, § 22, but enacted a new section giving a right of action in such a case, where there was reasonable notice of the defect, want of repair, etc., " or if the same had existed for the space of twenty-four hours previous to the occurrence of the injury or damage." This was the first statute under which a time was fixed which gave a right of action irrespective of reasonable notice. This was incorporated in the Gen. Sts. c. 44, § 22.

The St. of 1877, c. 234, repealed the Gen. Sts. c. 44, § 22, and made the liability depend upon the fact that the town or place " had reasonable notice of the defect or might have had notice thereof by the exercise of proper care and diligence on their part." While the latter part of this section is new in its statutory form, yet it is merely embodying in the statute what was in 1832 declared by Chief Justice Shaw, in *Reed* v. *Northfield*, 13 Pick. 94, 98, to be the law then existing. " We are also of opinion, that the evidence of notice to the town, of the dilapidation of the highway and bridge complained of, was rightly left to the jury. It has often been held, in giving a construction to this act, that notice to the town, of the defect of a highway, may be inferred from its notoriety, and from its continuance for such a length of time, as to lead to the presumption, that the proper officers of the town did in fact know, or, with proper vigilance and care, might have known the fact. This

latter is sufficient, because this degree of care and vigilance they are bound to exercise, and therefore, if in point of fact they do not know of such defect, when by ordinary and due vigilance and care they would have known it, they must be responsible, as if they had actual notice."

The criticism of the counsel for the defendant is thus shown to be without foundation.

In the case before us we are of opinion that it was a question of fact for the jury whether, in view of all the circumstances of the case, the defendant had reasonable notice of the defect, or with proper care and diligence ought to have known of it. There was evidence that the street was a much travelled one, and the jury might well infer from the appearance of the inner side of the curbstone, that the subsidence of the sidewalk had existed for some length of time. *Reed* v. *Northfield,* 13 Pick. 94, 98. *Harriman* v. *Boston,* 114 Mass. 241. *Olson* v. *Worcester,* 142 Mass. 536. *Noyes* v. *Gardner,* 147 Mass. 505. *Welsh* v. *Amesbury,* 170 Mass. 437, and cases cited.

There are undoubtedly cases where this court has held that there was no evidence for the jury, and the defendant relies upon these. Some of these are cases where the defect is under ground, and the person injured steps upon an apparently sound surface which gives way, as in *Stoddard* v. *Winchester,* 154 Mass. 149, *Parker* v. *Boston,* 175 Mass. 501, *Brummett* v. *Boston,* 179 Mass. 26, and *Miller* v. *North Adams,* 182 Mass. 569. Or where there is no evidence whatever how long the defect had existed, as in *Stanton* v. *Salem,* 145 Mass. 476, and *Dwyer* v. *Boston,* 180 Mass. 381.

The case at bar is clearly distinguishable.

*Exceptions overruled.*

*S. M. Child,* for the defendant.
*T. H. Dowd,* for the plaintiff.