FRANKLIN S. CAMPBELL *vs.* CITY OF BOSTON.

Suffolk.    March 31, 1905. — September 7, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND,
LORING, & BRALEY, JJ.

*Way,* Defect in highway.

In an action against a city under R. L. c. 51, § 18, for personal injuries from an
alleged defect in a highway, it appeared, that the plaintiff was injured by the
caving in of a sidewalk over which he was passing, that for a year the plaintiff
had known of a depression in the sidewalk at this place which gradually had
been extending and deepening until it was about three feet square and at least
three inches deep, that when it rained the depression was filled with water and
that the water disappeared and sank in somewhere, that hundreds of people
were going by there every day, that the plaintiff had been across the depression
about fifteen or twenty times on the day of the accident and half a dozen times
within five or ten minutes before it happened, that an examination after the
accident showed that the water which from time to time had accumulated in the
hollow had percolated under the surface, and that the foundation of the sidewalk
probably was undermined. *Held,* that the question of the due care of the plain-
tiff and the inferences to be drawn from his knowledge and conduct were mat-
ters of fact for the jury, and that it also was a question of fact for the jury
whether the defendant by using reasonable care could have discovered and
guarded against the defect, and how far the superficial appearance of the side-
walk should have indicated to the authorities charged with its repair that it
might give way by reason of an insufficient foundation, and called for a thor-
ough investigation.

TORT, under R. L. c. 51, § 18, against the city of Boston for
personal injuries alleged to have been caused by the caving in of
a portion of the sidewalk of Fulton Street in that city, while the
plaintiff was travelling thereon in front of the building num-
bered 29, about five o'clock in the afternoon of October 1, 1902.
Writ in the Municipal Court of the City of Boston dated Octo-
ber 9, 1902.

On appeal to the Superior Court the case was tried before
*Schofield,* J.    The plaintiff testified that he was thirty years old,
and at the time of the accident was employed by the Armour
Packing Company, which occupied the street floor at 29 Fulton
Street for about a year; that there was an ordinary brick side-
walk in front of the building between seven and eight feet wide,

including the curbing; that, when he went to work at that place, he noticed a depression in the sidewalk, in front of and a little to the left of the doorway of No. 29, and also a hump near the curb; that the depression was, perhaps, between one and two feet across, about square, and from one to two inches deep; that the depression grew larger and larger all the time from the time he went to work there; that from one and a half to two feet it grew to be a place about three feet long, three feet wide and at least three inches deep — a gradual change; that every time it rained the depression would fill up with water, and some of the employees of the packing company would have to go out and sweep it off so that people could pass by, and that it also was in the way of the occupants of No. 29 going in and out; that the water disappeared and sunk down in there somewhere; that Fulton Street is given up to business and there is a great deal of traffic up and down it; that the place was from five to ten minutes' walk from the city hall; that during the time he was employed there, before his accident, nothing was done to the sidewalk, that it was not touched at all; that he never had any knowledge as to the cause of this gradually growing depression except that the water disappeared from the sidewalk, soaked down through there; that he had no other knowledge as to the cause of the sinking; that at the time of his accident, he and another employee of the packing company were taking out boxes of turkeys; that he had hold of one side of a box and the other man of the other side, carrying it to a wagon on the street; that as he stepped on the sidewalk he took one step, and then the sidewalk went down under him — caved from under him; that he went down between two and three feet; that the hole in the sidewalk turned toward the building; that he noticed the nature of the soil around and in the hole and that it was sandy on top with fine gravel underneath.

On cross-examination the plaintiff testified that he had been there about a year, and had seen hundreds of people going by there every day; that they got along all right, so far as he knew, except that when it rained they walked out toward the curb; that they did not walk right over the depression but walked around it when it rained; that there was nothing that called his attention to the fact that the sidewalk was going to cave in, and

that he had been in and out over this place about fifteen or twenty times that day and he thought half a dozen times within five or ten minutes, and walked right over it.   Other material evidence is mentioned in the opinion.

At the close of the evidence the judge at the request of the defendant instructed the jury that "the evidence in the case does not satisfy the requirements imposed by law fixing the liability of the city for defective highways," and directed the jury to return a verdict for the defendant.   The plaintiff alleged exceptions.

The case was argued at the bar in March, 1905, before *Knowlton,* C. J., *Morton, Lathrop,* & *Braley,* JJ., and afterwards was submitted on briefs to all the justices.

*E. Greenhood,* for the plaintiff.

*S. M. Child,* for the defendant.

BRALEY, J.   The proximate cause of the accident to the plaintiff was not the uneven depression in the sidewalk over which he was passing as a traveller, but the sudden settling of the foundation underneath the surface.   If this had remained firm he would not have been injured.

Under the provisions of R. L. c. 51, §§ 1, 18, a city or town is required to keep its public ways in suitable repair for the convenient use of travellers.   It is made liable for injuries received from defects, whether visible upon the surface or concealed within the roadbed, if it has had notice, or in the exercise of reasonable diligence should have known of their existence, and has failed to remedy them.

While the plaintiff knew of the gradual sinking of the sidewalk and enlargement of the depressed area for at least a year, it had not further given way under constant use by himself and other travellers.

If from observation he might have inferred that there was a probability of its being insufficiently supported, it also could be said that an inference might have been drawn that the bricks of which it was built had settled from constant travel.

The street was in general use, which afforded to him some measure of belief that it was not dangerous.   Besides, he was not required to make an examination to see what lay beneath, but might rely upon the presumption that if not rea-

sonably safe the defendant would have made the necessary repairs, or in some proper manner have warned travellers that it was dangerous.

Knowledge by the plaintiff of the existence of defective conditions in the public way he was using had an important bearing upon the question of his negligence.

" But a man does not take the risk of every danger which may arise from certain causes merely because, in a general way, he is aware of the existence of those causes." *Powers* v. *Boston*, 154 Mass. 60, 63.

What inferences whether of care or of negligence should be drawn from his knowledge and conduct were matters of fact for the jury. *Weare* v. *Fitchburg*, 110 Mass. 334. *George* v. *Haverhill*, 110 Mass. 506. *Kelly* v. *Blackstone*, 147 Mass. 448. *Norwood* v. *Somerville*, 159 Mass. 105. *Torphy* v. *Fall River*, 188 Mass. 310.

There was some evidence that the cellar wall of the building on which the sidewalk abutted was thin and suddenly gave way causing the subsidence. But if this was negligence of the owner in not providing a more substantial wall, which is not shown, his neglect would not relieve the defendant from its primary duty, or furnish a bar to the maintenance of the action. *Bacon* v. *Boston*, 3 Cush. 174. *Burt* v. *Boston*, 122 Mass. 223.

The defendant's principal defence, however, is, that because of the hidden character of the defect, and until disclosed by the accident itself, the city in the performance of its statutory duty could not by using reasonable care have discovered or guarded against it.

Ordinarily what constitutes reasonable diligence in the performance of the duty imposed upon the defendant is a question of fact to be determined from all the circumstances. *Olson* v. *Worcester*, 142 Mass. 536. *Comerford* v. *Boston*, 187 Mass. 564.

But there are cases where this may be a question of law. Thus it has been decided that in the absence of proof of actual notice, or of faulty construction, or repairs, and where no surface indications existed showing a want of repair or unfitness of a public way, or if present, they had existed for so short a time as not to furnish any ground for holding that the city or town should be held to have impliedly known of the defect, no lia-

bility attaches. *Hanscom* v. *Boston*, 141 Mass. 242. *Rochefort* v. *Attleborough*, 154 Mass. 140. *Stoddard* v. *Winchester*, 154 Mass. 149. *Brummett* v. *Boston*, 179 Mass. 26, 29. *Miller* v. *North Adams*, 182 Mass. 569. See also *Burke* v. *Haverhill*, 187 Mass. 65.

·Upon recurring to the evidence much testimony is found that for at least a year this part of the sidewalk while enlarging in area had been slowly sinking, and wearing deeper until its condition had become distinctly noticeable. The bricks had been pressed down around the outer edge, and it could have been found that this created such an unevenness that they were becoming unserviceable from ordinary travel and might cause travellers to stumble and fall.

It is not contended by the defendant that it cannot be charged with implied notice of this condition. Indeed the testimony of the deputy superintendent of streets would seem to be conclusive that in the proper performance of his duties he could have ascertained that the sidewalk had settled.

If from this cause the accident to the plaintiff had happened the question of the defendant's liability would have been for the jury. *McGaffigan* v. *Boston*, 149 Mass. 289. *Marvin* v. *New Bedford*, 158 Mass. 464. *Upham* v. *Boston*, 187 Mass. 220.

In *Stoddard* v. *Winchester* it is said, " It is not necessary that roads should be built according to the highest standards of engineering; and the practical rule that must be adopted in order to impose liability in such cases is, that the condition of the road must·be such that danger may reasonably be apprehended at any time, and therefore ought to be guarded against."

In the present case, as we have said, there had been a continuous and appreciable settling of this part of the street below the original level, with a corresponding degree of permanency.

Before the accident water had been observed to accumulate in the hollow. An examination made after this space fell in showed that the water had percolated under the surface, and ran into the cellar, and in this way the foundation of the sidewalk may have been, and probably was, undermined. Upon removal of the bricks this state of things would have been discovered, and if followed by proper repairs the danger would have been removed.

If the defendant's deputy superintendent of streets had been informed of this surface condition by the foremen of the district in which the street was located, who acted under him, and whose duty it was to inspect and report defects, and upon viewing the depression had decided that no interior repairs were required, his judgment would have been open to review at the trial, where it might have been sustained as being reasonable and sound. Or it could be found that as the bricks had become depressed because their support was falling away he was called upon to make a further examination.

This duty of proper supervision, and making suitable repairs, if they were called for, remains unchanged, where the notice, as in this case, may be implied from all the circumstances. When it is omitted or imperfectly performed so that the street remains defective the city or town is not exonerated. *Post* v. *Boston,* 141 Mass. 189, 193.

During the period shown, how far the superficial appearance of the sidewalk should have indicated to the public authorities charged with keeping it in repair, that its sinking might be caused by an insufficient foundation, and called for a thorough investigation, was not a question of law, but an issue of fact for the jury to decide under proper instructions. *Fleming* v. *Springfield,* 154 Mass. 520, 523.

*Exceptions sustained.*