THOMAS HARRIGAN *vs.* CITY OF WORCESTER.

Worcester.   February 24, 1908. — April 4, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Way*, Public, Notice of defect.   *Municipal Corporations.*

At the trial of an action of tort against a city to recover for injuries alleged to have been received by the plaintiff by reason of a defect in a highway of the defendant, it appeared that the alleged defect was a hole in the sidewalk caused by the absence of the cover of a box which had been in the sidewalk for many years, and the defendant contended that it had not had " legal notice of the defective condition of the sidewalk." A witness for the plaintiff testified that he had walked over the box several times, that it had rocked under his feet, and that it always was loose. Another testified that within a month or two before the accident he had seen the cover off the box three times, including once six days before the accident, when he himself had replaced it. *Held,* that there was evidence from which the jury would be warranted in finding that the defendant had, or by the exercise of proper care and diligence might have had, reasonable notice of the defective condition of the sidewalk which caused the injury to the plaintiff.

TORT for personal injuries alleged to have been received by the plaintiff by reason of his stepping into a large hole in a sidewalk on Prescott Street in the city of Worcester. Writ in the Superior Court for the county of Worcester dated January 6, 1906.

There was a trial before *Wait,* J., who, at the close of the evidence declined to rule, at the request of the defendant, "that the defendant had not had legal notice of the defective condition of the sidewalk." There was a verdict for the plaintiff, and the defendant alleged exceptions.

The facts are stated in the opinion.

The case was submitted on briefs.

*E. H. Vaughan & J. F. Humes,* for the defendant.

*J. F. McGovern, M. J. Comerford & J. F. Ryan,* for the plaintiff.

SHELDON, J.   In our opinion there was sufficient evidence to warrant the jury in finding that the defendant had, or by the exercise of proper care and diligence might have had, reasonable notice of the defective condition of the sidewalk.

The alleged defect was a hole in the sidewalk caused by the absence of the cover of a box which had for many years been in the sidewalk.   One witness testified that he had walked over this box several times, and it had rocked under his feet; that it was always loose.   Another witness testified that on the Sunday preceding the day of the accident * he saw the cover off this box, and himself put it on again; and that he had seen it off twice before, within a month or two of the accident.   This evidence was doubtless meagre, and its effect was somewhat weakened by the testimony of other witnesses and of the plaintiff himself that they never had seen the cover off and did not know that there was anything wrong with it.   Still it presented a question for the jury, within the rule of *Post* v. *Boston*, 141 Mass. 189.   They might say that this cover was so loose as to be liable to come off the box and leave a dangerous hole in the sidewalk, and that a proper supervision would have disclosed this fact to the defendant's officers who were charged with the care of the street.   *Campbell* v. *Boston*, 189 Mass. 7.   *McGaffigan* v. *Boston*, 149 Mass. 289.   *Bourget* v. *Cambridge*, 159 Mass. 388.   It cannot be said, as in *Hanscom* v. *Boston*, 141 Mass. 242, that the accident was due to the neglect of a third person to see that the cover was properly fastened in its place.

As the exception to the admission of the testimony of Kramer was not argued and may be treated as waived, no other question than that already considered has been presented to us.

*Exceptions overruled.*

---

* The accident happened on Saturday, September 2, 1905.