## LILLIAN B. TILTON *vs.* CITY OF HAVERHILL.

Essex.   November 5, 1909. — November 23, 1909.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Way*, Public, Notice of defect.   *Evidence*, Presumptions and burden of proof.

The fact that, on February 2 of a certain year, a white oak timber three and a half
inches square, into which were set iron rods of the grating of a sewer drop in a
public highway in a city, was, according to the testimony of a witness, so rotten
that the witness " could pick it to pieces . . . simply rotten," warranted a find-
ing that it was rotten in the previous autumn, when it was inspected by an
employee of the city.

Where at the trial of an action against a city by a person, who in February of a
certain year was injured through falling into a sewer drop in a public highway in
the city because of a spreading of the rods of the grating, it appears that a white
oak timber three and a half inches square, into which were set iron rods of the
grating, was in bad repair at the time of an inspection of the grating by an em-
ployee of the city in the course of his duties in the autumn preceding, and that
the employee did not discover any defect therein, and it also appears that it
would be natural for the woodwork underneath to decay, because that is where
the water naturally would set, and the city engineer testifies that he had seen
gratings where the top would be in good condition and the woodwork beneath
would be rotten, it is proper for the presiding judge to refuse to rule that " it did
not appear from the evidence that the defendant had had reasonable notice of
the defect, or might have had reasonable notice thereof by the exercise of proper
care and diligence," although the defective part of the timber was underneath
and was not apparent on the surface of the grating, since, if the employee
had performed his duties properly, the defect would have been discovered, and
therefore by the exercise of proper care and diligence the city would have had
notice.

TORT for injuries received by the plaintiff, while walking on
Stage Street in Haverhill, by reason of her leg slipping through
between iron bars covering a " sewer drop " in the highway, the
plaintiff contending that the bars spread because of the rotten
condition of a white oak frame in which they were set.   Writ
in the Superior Court dated March 1, 1906.

The case was tried before *Hardy*, J.   The material facts are
stated in the opinion.   At the close of the evidence, the de-
fendant requested the presiding judge to order a verdict for the
defendant " on the ground that it did not appear from the evi-
dence that the defendant had had reasonable notice of the
defect, or might have had reasonable notice thereof by the ex-

ercise of proper care and diligence." The request was refused, the jury found for the plaintiff; and the defendant alleged exceptions.

*G. M. G. Nichols*, for the defendant.

*H. J. Cole*, for the plaintiff, was not called upon.

LORING, J. 1. The fact that the "white oak" cross-piece ˣ 3½ inches square" into which the iron bars were run was so rotten on the morning after the accident (which was on February 1) that a witness "could pick it to pieces," or, as the same witness described it, "simple [simply] rotten," warranted a finding that it was rotten in the previous fall. The case comes within the class of cases collected in *Young* v. *Snell*, 200 Mass. 242.

2. Testimony was given by one of the plaintiff's witnesses to the fact that the part of the frame which was rotten was underneath and there was nothing to contradict that; and we assume that the defendant was entitled to take the plaintiff's case as one where the defect was not apparent on the surface of the grating. The defendant's main contention is that under these circumstances the case comes within *Rochefort* v. *Attleborough*, 154 Mass. 140 ; *Stoddard* v. *Winchester*, 154 Mass. 149 ; *Brummett* v. *Boston*, 179 Mass. 26 ; *Miller* v. *North Adams*, 182 Mass. 569. But we are of opinion that it does not come within the principle of those cases. What gave way in *Rochefort* v. *Attleborough* and in *Miller* v. *North Adams* was a culvert under a public way. In *Stoddard* v. *Winchester* a part of the public way in which a trench for a water pipe had been dug six months before gave way, and in *Brummett* v. *Boston* a sidewalk gave way. For limitations on this principle under the circumstances to which it was applied in the last two cases, see *Stoddard* v. *Winchester*, 157 Mass. 567, and *Bingham* v. *Boston*, 161 Mass. 3.

What gave way in the case at bar was the grating over a "sewer drop." One Gaudette, an employee of the defendant city in its street department (called as a witness by the plaintiff), testified "that it was a part of his duty to inspect sewer drops ; that they were inspected and cleaned in the spring and fall ; that he had inspected this sewer drop and the grating here in question in the fall before the accident just before the ground froze ; that at that time he found this sewer drop and grating in good

condition, and that it was then all right." In addition the city engineer of the defendant city testified " that he had seen grates where the top would be in good condition and the wood work beneath would be rotten, and it would be natural for the wood work to decay underneath, because that was where the water would naturally set, and that the bottom part was the part that ought to be watched." The fact that the " white oak" frame was "simply rotten" on the first day of February warranted a finding that it would have been apparent if the inspection of the grating which the city made in the fall before the accident had been properly made. This warranted a finding that the defect here in question was one of which the defendant city by the exercise of proper care and diligence would have had notice.

*Exceptions overruled.*