EDWARD A. BLEISTINE *vs.* CITY OF CHELSEA.

Suffolk. November 8, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Way*, Defect in highway. *Evidence*, Judicial notice.

In an action against a city for injuries caused by an alleged defect in a public way of the defendant, where it appears that as the plaintiff was driving along the way a part of the street caved in, precipitating the plaintiff's horse into the opening thus made, and that immediately after the accident the plaintiff saw that the cover of a wooden box sewer two feet below the surface of the street had broken down under the place where the street had caved in and that it was rotten and in pieces, and where it also appears that the wooden box sewer had been in the street for eighteen years and during that time never had been relaid, the plaintiff may show that two months before this accident there was a similar hole in the same street above the same sewer ten or fifteen feet away from the spot where the plaintiff was injured, that the boards in the sewer at that place were rotten and decayed and had broken down, that the police of the defendant then were notified and put a barrel and wooden horses there, and that on the next day a gang of men in the employ of the defendant repaired the sewer by patching it, putting in some new boards and filling the hole in the street; and this evidence, properly being admitted, warrants a finding that the defendant by the exercise of reasonable diligence should have known of the defect which caused the injuries.

It is matter of common knowledge, of which a court will take cognizance, that planks or boards when placed under ground have a tendency to decay, and that

such decay may affect the condition of a wooden box sewer which has been under a street for eighteen years and never has been relaid.

Notice to a city that the boards of a wooden box sewer two feet below the surface of a public street, which has been there for eighteen years and never has been relaid, have become rotten at a certain place and have broken and caused the street to cave in at that spot, not only is notice of the particular defect pointed out, but gives the city knowledge of conditions from which it should infer that there is a reasonable probability that in the immediate vicinity the walls of the sewer upon examination would be found to be unsound.

TORT under R. L. c. 51, § 18, against the city of Chelsea for personal injuries sustained by the plaintiff and for damage done to his horse and wagon while the plaintiff was travelling upon Williams Street, a public way of the defendant, on March 17, 1906. Writ dated March 24, 1906.

In the Superior Court the case was tried before *Hitchcock*, J. It was admitted that a proper notice of the time, place and cause of the accident was duly served on the defendant. It also was admitted that Williams Street was a public way, which the defendant was bound to keep in repair; that a few feet below the surface of the street there was a public sewer which had been laid through the entire street in the same direction in which the street ran; and that the defendant constructed and maintained its public sewers by means of money paid by the owners of real estate abutting on the streets in which the sewers were laid.

The testimony so far as it is material was as follows: The plaintiff testified that, as he was driving a horse harnessed to a wagon on Williams Street, a part of that street caved in, precipitating his horse into a hole caused by the street caving in, and that he sustained personal injuries and his horse and wagon were damaged; that immediately after the accident he saw that the wooden box or cover of the sewer had broken down where the street had caved in and that it was rotten and in pieces.

One Mace, a witness introduced by the plaintiff, testified that for eighteen years before the accident occurred he was the foreman in the employ of the Chelsea Gaslight Company on its premises situated on Williams Street opposite the place where the street caved in and the accident occurred; that the sewage from those premises passed through a connecting drain into the public sewer on Williams Street; that the sewer in Williams

Street was a wooden box sewer, square in shape, about four feet wide and four feet deep, and that the top of the sewer was about two feet below the surface of the street; that he was at work on those premises every day for eighteen years except on Sundays, and that he knew that during that period the sewer in Williams Street never had been relaid; that he was on the premises of the gas company on the day of the accident; that he saw the horse in the hole where the street had caved in; that the boards of the sewer where the street caved in were rotten and decayed and had broken down; that about two months before the plaintiff met with the accident the witness saw a hole in a part of the street over the same sewer and ten or fifteen feet away from the spot where the plaintiff was injured, and noticed that the street there had caved in above the same sewer; that he notified the police of the defendant, who came and put a barrel and wooden horses there, and that on the next day a gang of men in the employ of the defendant, under a foreman named Delaney whom the witness knew, came and repaired the sewer by patching it, by putting in some new boards and filling the hole where the street had caved in; that he saw the boards in the sewer at that place where the street had caved in about two months before the plaintiff met with the accident, and that they were rotten and decayed and had broken down; that, a day or two after the plaintiff met with the accident, the witness saw the same foreman Delaney and the employees of the defendant who worked under him repairing the sewer where the accident occurred by putting in new boards at that place.

The defendant objected to the introduction of the evidence as to what the witness Mace had seen about two months before, but the judge admitted the evidence, and the defendant excepted.

At the close of the evidence the plaintiff asked the judge to give the following ruling and instruction, among others, to the jury:

" If the jury find that about two months before this accident happened a portion of the street, over the same sewer and within ten feet of the spot where this accident occurred, caved in owing to the giving way of the plank sewer, and that the planks of the sewer at that point were rotten and decayed, and that the employees of the city came and repaired that place, but did

nothing to the rest of the sewer, and that a police officer placed a barrel as a warning to travellers near the first opening, they would be warranted in finding in this case that the defect which caused the accident in this case was due to the negligence of the defendant and that it had reasonable notice of the defect or defective condition in the highway."

The judge gave this instruction, and the defendant excepted.

At the conclusion of all the evidence, the defendant asked the judge to give certain rulings, among them the following:

" 1. Upon all the evidence in the case, the verdict should be for the defendant.

" 2. It is not sufficient evidence to justify a finding for the plaintiff, that the proper authorities in the defendant city, at other times previous to the accident, had their attention called to defective conditions in said street, at other places than the place where said accident happened."

The judge refused to give either of these rulings, and the defendant excepted. The judge gave other appropriate instructions in relation to all the issues in the case, to which no exception was taken. The jury returned a verdict for the plaintiff in the sum of $300; and the defendant alleged exceptions.

*S. R. Cutler*, for the defendant.

*P. M. Keating*, for the plaintiff.

BRALEY, J. If the street the defendant was required to keep in a reasonably safe condition for the use of travellers had become defective and dangerous by the decayed condition of the wooden box sewer, which was located about two feet below the surface, the city, if by the exercise of reasonable diligence it should have known of the defect, would be liable to the plaintiff whose due care is not questioned. In the exercise of reasonable diligence, on want of which the liability of cities and towns is made to depend under R. L. c. 51, §§ 1, 18, where it appears that natural causes are known, or from information ought to be recognized as in operation from the method of construction, and which probably will render the way unsafe, the duty devolves upon the municipality to take every suitable precaution to guard against the danger. *Olson* v. *Worcester*, 142 Mass. 536, 537. *Fleming* v. *Springfield*, 154 Mass. 520. *Campbell* v. *Boston*, 189

Mass. 7. But where neither from the method of original construction nor the length of time during which a public way has been in use there are any superficial indications of a defect, or any reasonable ground to apprehend that through structural changes beneath the surface due to the subsidence of culverts, bridges, drains or sewers, which may have become out of repair, the roadbed may suddenly give way, causing injuries to travellers, the duty of reasonable supervision is not as matter of law shown to have been neglected, and the city or town is not legally chargeable with notice of concealed conditions which may render the way unsafe. *Miller* v. *North Adams*, 182 Mass. 569. *Comerford* v. *Boston*, 187 Mass. 564, 567. *Campbell* v. *Boston*, 189 Mass. 7, 10, 11, and cases cited. See *Young* v. *Snell*, 200 Mass. 242, 245.

The notice having designated a particular place where the break occurred, the defendant excepted to the admission of the testimony of the foreman of the gas company, that, the defendant, having been notified of a break in the surface from the collapse of the sewer at a point about fifteen feet distant, it made suitable repairs, and that the boards then appeared to be broken and rotten. The sewer had not been relaid or repaired during a period of eighteen years, and the tendency of planks or boards to decay when placed under ground is a matter of common knowledge. If the walls had given way where the repairs were made, because the boards had become rotten, the defendant had not only notice of the defect which it remedied, but knowledge of conditions from which it should have inferred that there was a reasonable probability that in the immediate vicinity the walls of the sewer upon further examination might be found to be unsound. The evidence, therefore, was admissible. *Post* v. *Boston*, 141 Mass. 189. *Campbell* v. *Boston*, 189 Mass. 7. *Harrigan* v. *Worcester*, 198 Mass. 354. *Winship* v. *Boston*, 201 Mass. 273.

The refusal to order a verdict for the defendant was right, and the instructions given to the jury at the request of the plaintiff correctly stated the law.

*Exceptions overruled.*