ETTA J. TAYLOR *vs.* INHABITANTS OF STERLING.

CHARLES F. WATSON *vs.* SAME.

OLIVE J. WATSON *vs.* SAME.

WILLIAM E. WATSON *vs.* SAME.

Worcester.  September 22, 1924. — October 17, 1924.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Way*, Public: defect.  *Notice.*

The evidence at the trial of an action against a town under G. L. c. 84, § 15, tended to show no more than that the wheels of a wagon in which the plaintiff was riding, when the wagon was turned out for another vehicle to pass on a public way, broke eighteen inches into the surface of a gutter, that before the wheel broke through the surface the road appeared to be " perfectly safe " so far as anybody could see, and that afterwards the earth around the hole " looked as though it had been in that condition for some time."  *Held*, that

(1) There was no evidence of conditions such as would fairly indicate that the defect in the way might have been discovered by the exercise of reasonable diligence on the part of the defendant or its proper officers or agents;

(2) The evidence was insufficient to warrant a finding that the defendant failed to exercise that degree of care and diligence which the statute imposed upon it.

FOUR ACTIONS OF TORT under R. L. c. 51, § 18, for personal injuries and property damage alleged to have been caused on October 19, 1917, by a defect or want of repair in Princeton Road between Fitch Hill and West Sterling in the defendant town.  Writs dated March 25, 1918.

In the Superior Court, the actions were tried together before *Whiting*, J.  Material evidence is described in the opinion.  At the close of the evidence, the defendant in each action moved that a verdict be ordered in its favor.  The motions were denied.  The defendant then asked for the following rulings:

" 1.  On all the evidence the plaintiffs are not entitled to recover and the verdict should be for the defendant."

" 6. If the negligence of the plaintiff William E. Watson contributed in the slightest degree to the accident the plaintiffs cannot recover."

" 8. On all the evidence the excursion of the three plaintiffs riding in the wagon at the time of the accident was a joint enterprise, and the contributory negligence of William E. Watson, the driver, is attributable to the other occupants of the wagon.

" 9. On all the evidence the town did not actually nor by the exercise of proper care and diligence might have had, notice of the defect or want of repair if any existed in the way in question."

" 11. If the jury find as a fact that the side of the way or gutter looked reasonably safe and convenient for travellers, the fact that underground water had worn a tunnel or cavern, that was not apparent to an observer, and of which the town had no notice, that does not constitute a defect within the meaning of the statute."

" 13. To imply constructive notice of the alleged defect it must have been so apparent that the proper officers of the town could not help knowing the fact if they had performed their duty.

" 14. There is no provision of the statute imposing liability on a town for a defect of which it had no actual notice and which was concealed, latent and invisible."

The rulings were refused. There was a verdict for the plaintiff in the first action in the sum of $200; for the plaintiff in the second action in the sum of $150; for the plaintiff in the third action in the sum of $200; and for the plaintiff in the fourth action in the sum of $300. The defendant alleged exceptions.

*C. B. Rugg,* for the defendant.

*J. H. Meagher, C. F. Boyle & E. Zaeder,* for the plaintiffs, submitted a brief.

CROSBY, J. These are four actions of tort to recover for personal injuries and property damage, alleged to have been sustained by reason of a defect in, or want of repair of, a highway in the defendant town. At the time of the accident, three of the plaintiffs were riding in a one-seated

democrat wagon — William E. Watson and Olive J. Watson on the seat, and their daughter (the plaintiff Taylor) between them on a stool placed in front. The accident occurred on the Princeton Road, so called, in Sterling, at about four o'clock in the afternoon of October 19, 1917. As the plaintiff William E. Watson, who was driving, turned out to pass another horse and wagon, the right front wheel of his wagon broke through the surface of the road in the gutter, and the occupants were thrown to the ground.

These three plaintiffs had driven over this road at an earlier time on the same afternoon. The highway at the place of the accident seems to have been an ordinary country road, somewhat crowned in the centre and sloped down on each side to a gutter, to take care of surface water. We assume that the evidence warranted a finding that the driver of the team could be found to have been in the exercise of due care. The important question is, whether, if the way was defective, the town by the exercise of reasonable care and diligence might have had reasonable notice of its condition. There was no evidence that the defendant had actual notice of the defect.

The statutory liability imposed upon towns for a defect or want of repair of a way is found in R. L. c. 51, § 18, now G. L. c. 84, § 15. William E. Watson testified that " as he was driving down the hill he met a horse and buggy driven by a Mrs. Sandyes coming in the opposite direction; that both were walking their horses; and both turned out to pass, and as his right forward wheel reached the gutter, it broke through or down to a depth of eighteen inches; that it looked as if the gutter had washed out underneath the surface and shelved over; that as he turned out it looked all right and until his wheel broke through, so far as he could see, it was all safe and sound."

The plaintiff Etta J. Taylor testified that when they met the team going in the opposite direction, " as her father turned out to his right and when the right front wheel got out into the gutter off the travelled part of the way, it went down to a depth of eighteen inches; that the hole made by the wheel looked as though it had been washed out under-

neath; that she had been over the road in question many times and that it looked the same on that day as it always had; that when the wheel got off the travelled part it broke through and that before it broke through the surface, the road and gutter looked to be, so far as she or anybody could see, perfectly safe; that is, before the wheel broke through one couldn't see anything the matter with the road or gutter."

It was agreed that Olive J. Watson, who was unable to attend the trial because of illness, if present, would have testified the same as Mrs. Taylor.

Charles W. Taylor (the husband of Etta J. Taylor) testified that he did not see the accident but went to the place where it occurred the next morning; that there had been no change in the conditions; that he "noticed where they turned out as they drove along, and where the wheel broke through where the gutter shelved under and the wheel dropped into the ditch, a depth of eighteen inches; that the ditch or gutter extended along the road for a distance of about two rods, and the earth under the point where the wheel broke through looked as though it had been in that condition for some time; . . . that the hole where the wheel broke through was about three feet long."

The plaintiff Charles F. Watson testified that he examined the place the night of the accident and on the following morning ; " that there was an ordinary country ditch at the side of the road with no continuous holes or gully except where the wheel had crushed through where the surface had crusted over; that it rained the night of the accident and after it so that the next morning the condition was somewhat changed."

The foregoing recitals contain all the evidence most favorable to the contentions of the plaintiffs that the highway was defective, and that the town had implied notice of its condition.

There was no evidence that the original construction of the way was defective or that it had been improperly repaired; nor evidence that the surface of the road indicated that it was not reasonably safe and convenient for travellers

with their horses and carriages. The liability of cities and towns for defects in ways is not limited under the statute to those which are open and visible. They are also liable for those which are beneath the surface of the way or concealed, if the municipality has had notice of such defect or in the exercise of reasonable diligence could have known of its existence, and failed to make necessary repairs. *Burt* v. *Boston,* 122 Mass. 223, 226. *Campbell* v. *Boston,* 189 Mass. 7.

Although one witness testified that the place where the wagon wheel went down looked as if it had been in that condition for some time, there was no evidence as to how long such condition had existed. It appears from the testimony of all the witnesses who were in the wagon at the time of the accident that there was nothing from the appearance of the surface of the gutter where the wheel broke through to show that it had been gullied out underneath or that it was in any way defective, but that so far as could be seen it was safe and in good condition; and there was no evidence to the contrary.

In these circumstances it is impossible to see how any reasonable inspection of the way by the town or its officers, in the exercise of reasonable diligence, could have discovered the hidden defective condition. If the officers of the town charged with the duty of keeping its ways in repair had inspected this road immediately preceding the accident, there was nothing so far as the evidence discloses to give them any knowledge of the defect which resulted in the injuries received by the plaintiffs.

The facts in the present case are easily distinguishable from cases where municipalities have been held liable for hidden defects beneath the surface of the highway caused by the breaking of a flagstone in the sidewalk over a coal cellar, *Burt* v. *Boston, supra;* by excavating for a tunnel under the way, *Connelly* v. *Boston,* 206 Mass. 4; by the caving in of a street due to the breaking of the cover of a box sewer under the street, *Bleistine* v. *Chelsea,* 204 Mass. 105; by the caving in of a sidewalk by reason of an insufficient foundation, *Campbell* v. *Boston, supra;* or by a washout in the surface of the roadbed caused by the escape of water through a de-

fective sewer pipe, *Fleming* v. *Springfield,* 154 Mass. 520. The cases last cited held that the municipalities might be charged with liability because of conditions such as would fairly indicate that the defect in the way might have been discovered by the exercise of reasonable diligence on the part of the defendant or its proper officers.

In the case at bar, the evidence is insufficient to warrant a finding that the defendant failed to exercise that degree of care and diligence which the statute imposes upon it. The case is governed by *Rochefort* v. *Attleborough,* 154 Mass. 140, *Stoddard* v. *Winchester,* 154 Mass. 149, *Parker* v. *Boston,* 175 Mass. 501, *Miller* v. *North Adams,* 182 Mass. 569, *Smith* v. *Hyde Park,* 219 Mass. 168, and *Hamilton* v. *Cambridge,* 219 Mass. 418.

The exceptions to the refusal of the trial judge to give the defendant's first and ninth requests are sustained, and judgment is to be entered for the defendant in each case, in accordance with G. L. c. 231, § 122.

*So ordered.*