MARY SILVA *vs.* CITY OF SOMERVILLE.

Middlesex.     November 12, 1925. — November 13, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Way,* Public: defect.

A finding, in an action against a city for personal injuries received when the plaintiff fell by reason of a depression in a street and the giving way of the surface of the street when she stepped upon it, that employees of the city knew or ought to have known of the defective condition of the street, was not warranted upon testimony of a witness which was merely to the effect that he "had observed a sort of a round hole in the street as though the street had sunk in five or six inches; that it was a graduated hole.  Shortly after he first noticed it he had noticed that there was a cover over it, — his impression being that it was some sort of a stick, something as though to give warning that there was a hole; and that he noticed that a day or two before the accident."

TORT for personal injuries received when the plaintiff fell by reason of an alleged defect in Hawkins Street in Somerville.  Writ dated April 16, 1923.

In the Superior Court, the action was tried before *Sisk,* J.  Material evidence is described in the opinion.  At the close

of the evidence, the judge denied a motion by the defendant that a verdict be ordered for it. The jury found for the plaintiff in the sum of $1,500. Before the verdict was recorded, the judge, with the consent of the jury, reserved leave to enter a verdict for the defendant, and subsequently did so and reported the action to this court for determination.

The case was submitted on briefs.

*W. M. Smith,* for the plaintiff.

*R. M. Smith,* Assistant City Solicitor, for the defendant.

By the Court. The testimony of the plaintiff was in substance that, while walking across a public street in the defendant city, she stepped on a hollow about eighteen inches across and three or four inches lower than the street level. "It did not drop down abruptly. It looked like it had rained and had sunk in." It was near a manhole raised about three or four inches above the street level. The earth gave way under her step making a hole about as big as a manhole. Other witnesses described the resulting hole as being as big as a flour barrel, and three or four feet deep, and as being an irregular opening in the street and larger in circumference underneath than on the surface. One witness testified that about a week prior to the accident he "had observed a sort of a round hole in the street as though the street had sunk in five or six inches; that it was a graduated hole. Shortly after he first noticed it he noticed that there was a cover over it, — his impression being that it was some sort of a stick, something as though to give warning that there was a hole; and that he noticed that a day or two before the accident."

It is manifest that the cause of the injury to the plaintiff was the giving way of the earth when the plaintiff stepped on it and the very considerable cavity underneath the surface of the street. There is nothing in the evidence fairly to indicate any warning to the defendant of this defective condition, or any breach of obligation on the part of the defendant in not discovering it. The liability of the defendant is not established. The case is governed on this point by *Taylor* v. *Sterling,* 250 Mass. 123, and the cases there reviewed. The case is distinguishable in material particulars from *Burt* v. *Boston,* 122 Mass. 223, *Connelly* v. *Boston,*

206 Mass. 4, *Campbell* v. *Boston,* 189 Mass. 7, and similar decisions. There was no evidence to warrant a finding of neglect of duty by the defendant.

*Verdict ordered to be entered*
*for defendant to stand.*