GEORGE G. CROCKER & others *vs.* BOSTON ELECTRIC
LIGHT COMPANY.

Suffolk.    January 9, 1902. — February 27, 1902.  .

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ..

*Practice, Civil,* Agreed facts.    *Contract,* Implied.    *Boston Transit Commission,* Powers.    *Jurisdiction.    Way.*

No question of pleading is open when a case is reserved on agreed facts unless it is specially reserved.

Under St. 1894, c. 548, § 36, it was the duty of the Boston Electric Light Company to incur the expense of removing a certain conduit containing its wires, found by the transit commission to interfere with the construction of the subway, and of building it in a new location granted for it by the commission, if it wished to have it rebuilt.    That company refused to remove the conduit unless the commission would pay the cost of removal.    The commission, after notice that

they should do so at the expense of the light company, removed the conduit and constructed it in the new location paying the expense. Thereupon the light company used and continued to use the conduit in its new location. In an action by the commissioners against the light company to recover the expense thus incurred, it was *held*, that the defendant at this stage and after having used the conduit could not raise the point that it did not wish to have it rebuilt, and that the commissioners, having been forced to incur the expense by the failure of the defendant to perform its statutory duty, could recover the amount on an implied contract. *Also*, that the commission had the power to relocate the conduit.

The jurisdiction given to this and the Superior Court by § 20 of St. 1894, c. 548, providing for rapid transit in Boston, to compel compliance with the provisions of that act, is not exclusive of other remedies.

The provisions of Pub. Sts. c. 49, § 17, as to the removal of buildings or materials from land taken for a highway, have no application to a removal of a conduit in the construction of the subway in Boston under St. 1894, c. 548, § 20.

CONTRACT, originally brought by the city of Boston, and later amended by substituting as plaintiffs George G. Crocker and others, constituting the Boston transit commission, appointed under St. 1894, c. 548, § 23, suing for the benefit of the city of Boston, for $1,200.64, paid by the plaintiffs for removing and relocating a conduit pipe of the defendant, deemed by the transit commission to interfere with the construction of the subway, after the refusal of the defendant to remove it as required by § 36 of the same statute. Writ dated August 24, 1899, and amended by the substitution of the present plaintiffs October 24, 1899.

The Superior Court on agreed facts gave judgment for the defendant; and the plaintiffs appealed.

*T. M. Babson & C. B. Gleason,* (*G. C. Travis* with them,) for the plaintiffs.

*C. A. Snow,* for the defendant.

LORING, J.   This is an action by the transit commissioners of the city of Boston to recover the expense incurred by them in removing and relocating certain conduits for the wires of the defendant on the corner of Boylston and Tremont Streets in the city of Boston. The first count is for the expense of removing the old conduits and the second is for that of reconstructing the conduits in the new location.

By § 36 of St. 1894, c. 548, the Boston transit commission were authorized to order " the removal or relocation of any conduits" which "it deems to interfere with the construction or operation of" the subway which they were authorized to con-

struct; § 36 further provides that "the person or corporation owning such tracks, wires or other property shall comply with said orders."

The plaintiffs deemed that the conduits of the defendant at the corner of Tremont and Boylston Streets interfered with the construction of the subway, and, on January 2, 1897, passed a vote by which the defendant was "ordered to remove from its present location" its conduit at that point; the vote also provided that "a new location for said conduit is granted" as shown on a plan there specified, and that "the work of removal shall be begun as soon as the work of the subway will admit of it, and shall be completed as soon thereafter as is practicable." On January 23, 1897, the defendant wrote the plaintiffs acknowledging receipt of the "vote of the Commission that this Company be ordered to remove its conduit from its present location at the junction of Tremont and Boylston Streets, and to place the same in a new location granted for that purpose, as shown on Plan 2670 of the Boston Transit Commission, dated December 30, 1896. In reply we have to say that this Company must decline to comply with said order of your Commission, unless you will agree to pay the actual cost of the work and material necessary for such compliance." The plaintiffs replied under the same date that "If your Company fails to comply with the order transmitted to you, January 2, 1897, the Boston Transit Commission will proceed to have the work done at the expense of your Company."

The plaintiffs, "after waiting a reasonable time," removed the old conduit and built a new conduit in the location specified. The work of removing the old conduit being covered by a general contract, the plaintiffs seek to recover the expense of constructing the new one only. It is agreed that the old conduit did in fact interfere with the subway, and it was stated at the argument that the defendant is now using the new conduit.

1. The defendant's first contention is that the allegations of the second count are not supported by the agreed facts. But no question of pleading is open where a case is submitted on agreed facts unless it is specially reserved. In this case, "all questions arising upon the defendant's demurrer" were reserved; but no question of variance was reserved; on the contrary, it is stated

that " if the plaintiffs are entitled upon the facts above to recover from the defendant the expense of building the new conduit in the new location, judgment shall be entered for the plaintiffs in the sum of $1,271.90."

2. The defendant's next contention is that it is not liable because it did not request the plaintiffs to remove the old conduit or to build a new one. By the true construction of St. 1894, c. 548, § 36, it was made the duty of the defendant to incur the expense of removing the old conduit on the plaintiffs' finding that it interfered with the subway, and of building it in the new location granted it, if it wished to have it rebuilt. The plaintiffs, in their vote of January 2, directed the removal of the old conduit and granted a new location for the conduit which was to be removed. The defendant, in acknowledging receipt of the vote, assumed, what was not covered by the vote, that the conduit was to be rebuilt and that the order directed that it should be rebuilt. The objection raised by it was that the cost of the removal and reconstruction in the new location should be borne by the plaintiffs, and refused " to comply with said order" " unless you will agree to pay the actual cost of the work and material necessary for such compliance."

Had the defendant intended to raise the point that it did not wish to have the conduit rebuilt, it should have said so then, or at least have taken the position that the plaintiffs must act in the matter at their peril. In place of doing so, they stated that they have received the order " to remove its conduit from its present location at the junction of Tremont and Boylston Streets, and to place the same in a new location granted for that purpose"; and the only objection then made to complying with the order was that the plaintiffs must agree to bear the expense. That disposes of the defendant's present contention that they did not then wish the conduit rebuilt. Had that not been enough to exclude that contention, the defendant's use of the conduit after it was built by the plaintiffs disposes of it.

On the broader question of the necessity of a request to make the defendant liable at all, we also agree with the plaintiffs. The statute made it the duty of the defendant to remove its conduit ; on its failing to perform that duty, it was proper, for the plaintiffs to perform it at the defendant's expense, and having

been forced to incur this expense which should have been met by the defendant, they are entitled to recover the amount thereof from it on an implied promise.

3. The defendant's next contention is that the plaintiffs had no power to grant the new location granted by it, but were by § 36 limited to designating "locations in or adjoining said subways and tunnels for sewers, gas pipes, water pipes, conduits and electric wires." We are of opinion that that clause of § 36 is in addition to the clause under which the commission acted in this case. That clause contemplated the adoption of a general scheme for pipes and wires adjoining the subway, without regard to their being new pipes and wires or old ones relocated. In addition to that power the commission had power to "relocate" any conduits which interfered with the construction of the subway, and in this case they acted under the latter power.

4. Again the defendant contends that the provisions of St. 1894, c. 548, § 20, giving this court and the Superior Court jurisdiction in equity to compel compliance with the act, excludes any other remedy. We are of opinion that that remedy is not exclusive.

5. There is nothing in the point that because the subway is a public way, Pub. Sts. c. 49, § 17, as to the removal of buildings or materials within the limits of the lay out of highways, applies to this case.

6. No question of the constitutionality of the St. 1894, c. 548, arises in this case. It is admitted by the plaintiffs that, if the defendant had a right to have its conduit in the public street, it is entitled to compensation for the expense of removing and rebuilding the conduit under St. 1894, c. 548, § 34, as amended by St. 1895, c. 440, § 1.

*Judgment for the plaintiffs in the sum of $1,271.90.*