MIAH J. MURRAY *vs.* CITY OF BOSTON.

Suffolk.    December 4, 1914. — December 29, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Boston.  Municipal Corporations.  Boston Transit Commisson.  Waterworks.*

The city of Boston is liable for damage to private property from the bursting of a water pipe maintained and used by it in distributing water for pay, which was caused by the negligent laying of the pipe without proper bearings at a point where two lengths were joined when for the purpose of constructing a subway the pipe was moved and relaid by the city upon the order of the Boston Transit Commission under St. 1894, c. 548, § 36, if the relaying of the pipe was done by the water department of the city although its removal was ordered by the commission.

TORT against the city of Boston for damage to the plaintiff's property on January 3, 1910, caused by the bursting of a water pipe of the defendant on Tremont Street as stated in the opinion. Writ dated February 23, 1911.

In the Superior Court the case was tried before *Stevens, J.* At the close of the plaintiff's evidence, which is described in the opinion, the defendant rested. The witness Hannon, mentioned in the opinion, was the water commissioner of the defendant at the time of the bursting of the water pipe that caused the damage to the plaintiff's property.

The judge instructed the jury as follows: "I am sorry in this case to have to order a verdict, but I do it because from the evidence as it now stands it appears that this work was done under the direction of the transit commission. Under the testimony of the water commissioner, I should have allowed you to pass upon the question if it had appeared it had been done by the city. It was done, the testimony was, by the city, but not done by the city acting under the city's authority, but acting under the transit commission's authority, and they are an independent body. I don't think the city can be held for the deficiencies of the transit commission so I shall be obliged, although I regret it, to direct a verdict for the defendant."

In accordance with this instruction the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*H. A. Wilson, F. Juggins & T. F. Murphy,* for the plaintiff.

*W. P. Higgins,* for the defendant.

DE COURCY, J. A thirty inch water pipe of the city in Tremont Street burst on January 3, 1910; and the plaintiff seeks to recover for property damage resulting therefrom. There was evidence that the break was due to carelessness in construction, especially in failing to support the pipes by proper bearings at places where two lengths were joined. Originally the section was laid in the middle of Tremont Street, and was changed to the easterly side of the street after the subway was built in or about 1897. The controlling question is whether the responsibility for negligence in the laying of this pipe rests upon the city or upon the Boston Transit Commission.

According to the record all water pipes in Boston are laid by the city itself, which owns and operates the system of waterworks. By St. 1894, c. 548, the transit commission was authorized, among other things, to construct a subway through and under Tremont Street for railway purposes. Section 36 of the act pro-

vided that the commission might order the removal or relocation of any pipes which it deemed to interfere with the construction or operation of the subway; and the person or corporation owning the pipes was compelled to "comply with said orders." The record in this case is meagre, but presumably the water pipes in Tremont Street were relocated under the provisions of this statute. The commission might have done the work of reconstruction at the expense of the city if the latter had refused to remove its pipes after notice to do so. *Crocker* v. *Boston Electric Light Co.* 180 Mass. 516. See St. 1902, c. 534, § 9. But there is no evidence of such refusal here. On the contrary it appears from the exceptions that the water pipes were moved and relaid by the city, and not by the commission. It does not appear that the commission or its agents or employees took any part in directing or performing the work of relaying the pipes. And when the witness Hannon, on cross-examination, answered "Yes" to the question "under the orders of the transit commission?" it could be found that he meant only that orders to remove the water pipes were given to the city by the commission in accordance with the provisions of said § 36. The unexplained statement of Hannon that the work done by the city would be charged to the transit commission at the most was some evidence in the defendant's favor.

The plaintiff was entitled to go to the jury on the question whether the work of relaying the pipes was in fact done by the city, and on its own account. The defendant is liable for damages resulting from the negligent performance of that work, on the same principles and to the same extent as a private corporation would be answerable under like circumstances. In constructing and maintaining its water works and distributing pipes the city is voluntarily carrying on a business for which it receives compensation, and it is acting in its private and corporate capacity, not as a public agency of the State. *Hill* v. *Boston,* 122 Mass. 344. *Hand* v. *Brookline,* 126 Mass. 324. *Kelly* v. *Winthrop, ante,* 471.

*Exceptions sustained.*