ANNIE E. STEWART *vs.* HUGH NAWN CONTRACTING COMPANY.
SAME *vs.* CITY OF BOSTON.

Suffolk.    November 17, 1915. — April 8, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Way,* Public: defect. *Negligence,* Of contractor working in highway. *Boston
Transit Commission. Public Officer. Evidence,* Competency.

At the trial of an action of tort for personal injuries against the city of Boston
under R. L. c. 51, § 18, there was evidence warranting findings that, when the
plaintiff was crossing Boylston Street from her place of employment to mail a
letter, she stepped upon a plank which was a part of the surface of the street and
which a contractor, working under the Boston Transit Commission in the con-
struction of the subway by authority of St. 1911, c. 741, had substituted for the
pavement, that the plank gave way under the plaintiff's foot, twisted her ankle
and caused her to fall, that the plank, although it should have been nailed at
the end, was loose and, when stepped upon, moved in different directions, that
it had been loose about ten days before the accident and had continued so to the
time of the accident, and that the street had been open for travel for several days
before the accident. *Held,* that the question, whether the defendant knew or in
the exercise of reasonable care should have known of the defective condition of
the street, was for the jury.

It also was *held* that the city was not released from liability merely because the
work was being done by a contractor employed by the Boston Transit Commis-
sion.

On the same evidence, it also was *held* that, in an action by the same plaintiff
against the contractor, the question, whether the plaintiff's injury was caused
by the defendant's negligence, was for the jury.

The fact that, if the Boston Transit Commission itself had done the work above
described, the city of Boston would not have been liable for its negligence be-
cause the commissioners were public officers, was *held* not to free the contractor
from liability.

In St. 1911, c. 741, relating to the construction by the Boston Transit Commission
of certain subways and tunnels, the provision in § 18 as to leaving streets "open
for traffic" during certain hours when the work is being done is intended
to include in the word "traffic" travel upon such streets for any proper pur-
pose by pedestrians and vehicles, and includes a crossing of such a street by
an employee in a store facing on it for the purpose of posting a letter in a
mail box.

And such an employee, in crossing the street on a plank covering substituted by a
contractor employed by the Boston Transit Commission for the pavement,
may be found to have been in the exercise of due care.

Where, at the trial of an action of tort for personal injuries caused by a loose
plank forming part of the temporary surface of a highway, the plaintiff has
described a defective condition which she observed at the time of the accident

and has testified that she observed the plank three weeks after the accident and that the condition was the same then as it was at the time of the accident, another witness, who saw the plank for the first time three weeks after the accident, may describe its condition at that time.

Two ACTIONS OF TORT for personal injuries alleged to have been suffered by the plaintiff by reason of a loose plank in the covering of the excavation for the construction of the subway under Boylston Street in Boston, alleged to be a defect in that highway caused by negligence of the defendant contracting company. Writs dated December 13, 1913.

In the Superior Court the cases were tried together before Raymond, J. The testimony of the plaintiff and of Clarkson as to the planks in question, referred to in the opinion, was in substance as follows: The plaintiff testified that at the time of her injury she observed the board, that it was not nailed down, that it was raised above the level of the other boards and was loose, that it was raised its width over the board next to it and that it moved when she stepped on the end of it. She also testified that, upon her return to her place of employment three weeks after the accident, she observed the board and that it appeared to be the same as at the time of the accident. Clarkson, who had not seen the board at the time of the accident, described its condition as it was three weeks after the accident, when the plaintiff returned to the store where she was employed.

Other material evidence is described in the opinion. In each case there was a verdict for the plaintiff in the sum of $2,000; and the defendants alleged exceptions.

*T. H. Mahony,* for the defendants.

*F. W. Johnson,* for the plaintiff.

CROSBY, J. The plaintiff, while crossing Boylston Street in the city of Boston from the store numbered 332 on that street to the farther side of the street where she intended to post a letter at a mail box located near the corner of Arlington Street, was injured by reason of an alleged defect in the street.

The plaintiff testified that when she was crossing over the outbound street railway track, she stepped upon a plank lying next to the most northerly rail and that the plank "gave way under my foot, and I caught — I twisted my ankle and caught my heel on the edge of the plank as it turned up and lost my balance."

At the time of the accident and for some time previous thereto the defendant company was engaged in the construction of a subway under Boylston Street, and in the course of its work had removed the surface paving and had replaced it with a plank covered structure. This work was being performed by the defendant company under a contract with the transit commission acting under the authority of St. 1911, c. 741. The surface planking was composed of planks sixteen feet long, eight inches wide and four inches thick laid on cross beams and spiked at each end., There was evidence that the plank upon which the plaintiff stepped was raised above the level of the other planking; that it was loose and, when stepped upon, moved in different directions. There also was evidence from which it could have been found that this part of Boylston Street was open for public travel and had been open for such travel for several days. There was further evidence that the plank in question was loose during the last part of September before the accident, which occurred on October 9, 1913, and it could have been inferred that it remained in the same condition from the last part of September up to the time the plaintiff was hurt. In view of this evidence, we are of the opinion a finding was warranted, that the defendant city either knew of the defect in the way, if it was defective, or by the exercise of proper care and diligence might have had reasonable notice of its existence. R. L. c. 51, § 18.

The city was not released from liability because the work was being done by a contractor employed by the transit commission. *Connelly* v. *Boston*, 206 Mass. 4. *Torphy* v. *Fall River*, 188 Mass. 310.

We are also of opinion that the question whether the defendant company was negligent was for the jury. An independent contractor is liable for negligence in the conduct of a public work by private contract, *Murray* v. *Boston*, 219 Mass. 501, although, if the transit commission had performed the work itself, the city of Boston would not be liable to the plaintiff, as the transit commissioners are public officers. *Mahoney* v. *Boston*, 171 Mass. 427. The jury were warranted in finding that the plank was in an unsafe condition due to the negligence of the defendant company. *Rockwell* v. *McGovern*, 202 Mass. 6.

We cannot agree with the contention of counsel for the defendants that under St. 1911, c. 741, § 18, the word "traffic" did not

authorize the use of the street by persons except those engaged in commerce. While "traffic" is defined generally as the exchange of goods and commodities and the business of transportation, in this connection it cannot be construed so narrowly as to exclude all other uses of the street. We think that the Legislature intended "traffic" to apply to street traffic in the ordinary sense in which that term is used, and that it includes travel upon the street for any proper purpose by pedestrians and vehicles.

The jury would have been warranted in finding that the plaintiff was in the exercise of due care.

The testimony of the plaintiff and of the witness Clarkson as to their observation of the plank three weeks after the accident was admissible to show its condition at the time of the accident, and was admitted solely for that purpose.

Without considering in detail all the defendant's requests, we are of opinion that they were covered by the instructions to the jury so far as they properly could have been given.

The entry in each case must be

*Exceptions overruled.*