CHRISTINE J. STONE *vs.* CITY OF BOSTON.

Suffolk.    December 10, 1931. — June 29, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Way*, Public: defect.

At the trial of an action against a city under G. L. c. 84, § 15, for injuries sustained by the plaintiff when his leg went through a brick sidewalk on a public way in the city, at a point where a trench had been dug across the sidewalk and the trench had been refilled and the bricks relaid, it appeared that, although the material used for fill was soft and muddy, the bricks were left smooth and even, so that the sidewalk looked all right, with no indication of a depression; that the opening of the sidewalk had been done by a contractor for the purpose of connecting a building with a sewer, under a permit issued by the defendant upon the contractor's application and requiring the contractor to leave the space affected in good condition satisfactory to one of the defendant's officials; and that no inspection of the work had been made at any time by anyone in behalf of the defendant. *Held*, that

(1) The defendant in the circumstances, to avoid liability under the statute based on notice of the defective work, was not required at its peril to inspect the work of the contractor;

(2) The evidence did not warrant a finding that the defendant had, or, by the exercise of reasonable care, might have had, reasonable notice of the defect;

(3) The plaintiff could not recover.

TORT.    Writ dated May 15, 1928.

The action was tried in the Superior Court before *Keating*, J.    Material evidence is stated in the opinion.    The judge ordered a verdict for the defendant and reported the action for determination by this court.

The case was argued at the bar in December, 1931, before *Rugg*, C.J., *Pierce, Wait*, & *Field*, JJ., and afterwards was submitted on briefs to all the then Justices.

*G. W. Cox*, (*W. R. Goodland* with him,) for the plaintiff.

*J. A. Campbell*, Assistant Corporation Counsel, for the defendant.

Rugg, C.J.    This is an action of tort to recover damages for injuries sustained by the plaintiff by the caving in of a sidewalk on Washington Street, a public way in the city of Boston, on the evening of December 2, 1927.    Sufficient written notice of the time, place and cause of the accident to the plaintiff was seasonably received by the defendant. At the close of the evidence the trial judge allowed the defendant's motion for a directed verdict.    The case was reported to this court on the stipulation that if the action of the judge was right, judgment is to be entered for the defendant, otherwise judgment is to be entered for the plaintiff in the sum of $1,800.

All material evidence is set forth in the report.    The jury would have been warranted in finding the following facts: While the plaintiff was walking on a sidewalk paved with red brick on Washington Street near its intersection with Glen Road, her leg went through the sidewalk up to her knee and she fell, receiving serious injury.    It had been raining heavily on the day of the accident.    The plaintiff a week or two previous to the accident had noticed the digging of a trench five or six feet deep across the sidewalk for the purpose of laying pipes to a building and that the trench had been filled.    Thereafter she had passed over the place every night for probably ten nights previous to the accident and the sidewalk seemed to her all right as she walked over it. The part of the sidewalk that caved in was about five feet long by two feet wide, and seven inches deep.    Although the material under the sidewalk was very soft and muddy, before the accident the sidewalk was apparently all right with no sign of any depression, and all the bricks were smooth and even with relation to each other.    An application had been made in the permit office of the public works department of the defendant on November 7, 1927, by a contractor

for permission to open the sidewalk at Glen Road and Washington Street for the purpose of connecting a drain; on the same day the application was granted, in these terms: "City of Boston, Public Works Department." "Permission is hereby granted to Joseph P. Flannery to use — open — 9 feet in length by 3 feet in width at Glen Road and Washington Street, W. R., for the purpose of connecting drain. Permit expires on December 7, 1927, by which date the space occupied is to be put in good condition satisfactory to the Commissioner of Public Works. This permit is granted subject to specifications. Fee 50 cents. Class 1. Accepted by Joseph P. Flannery, No. 29636." Before such a license or permit is granted to dig up a sidewalk the applicant must file a bond with his application and then the permit is issued. A week or ten days before the accident the sidewalk had been dug up by the contractor to put in a sewer pipe to be used in connection with a new building under construction; the ditch was about five or six feet deep; about a week or ten days before the accident it had been filled and the bricks replaced; no inspection by any employee of the defendant had been made of the work as it progressed even to the time the filling was covered by the replaced bricks.

The liability of the defendant to the plaintiff is wholly statutory. It arises under that part of G. L. c. 84, § 15, which provides: "If a person sustains bodily injury . . . by reason of a defect or a want of repair . . . in or upon a way, and such injury . . . might have been prevented, or such defect or want of repair . . . might have been remedied by reasonable care and diligence on the part of the . . . city . . . by law obliged to repair the same, he may, if such . . . city . . . had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair . . . recover damages therefor from such . . . city . . . ." It is to be observed that at least two factors must be proved by a plaintiff as conditions precedent to the establishment of liability under this statute: there must be (1) proof of a defect or want of repair which might have been prevented or remedied by reasonable care and diligence on the part of the city or town, and (2) proof that

by the exercise of proper care and diligence the municipality might have had reasonable notice of the defect or want of repair. While in many cases it may be that the same evidence will prove both facts, nevertheless both facts must be proved before liability can be established. The first statutory prerequisite is a definition of the character of a defect which may be made the basis of liability. That definition is a limitation on former wider statutory liability. This was pointed out in *Rooney* v. *Randolph,* 128 Mass. 580, 581, where it was said: "Before the St. of 1877, c. 234, was passed, it was enough for the plaintiff, in actions to recover for injuries caused by defects in the highway, to prove that the injury complained of was caused by a defect which had existed for the requisite time, without reference to the question whether its existence or continuance could have been reasonably prevented . . . . If it was a defect, and had existed for the required time, the town was held liable even if the defect was produced or continued by causes against which no human foresight could guard." St. 1877, c. 234, changed that law and created "a limitation on the former liability of towns, and it is now necessary, not only that a defect should have existed which was the sole cause of the plaintiff's injury, but that such defect be one which might have been remedied by reasonable care and diligence on the part of the town." This part of said § 15 means that the plaintiff may prevail provided the nature of the defect shown is such that it might have been remedied by reasonable care and diligence. It is a further prerequisite of a plaintiff's case that it must be shown that the municipality had, or by the exercise of proper care and diligence might have had, reasonable notice of the defect or want of repair which causes the injury to the plaintiff. In the case at bar doubtless the evidence warranted a finding of the existence of the first fact required by said § 15. The evidence that the earth under the sidewalk was very soft and muddy in the absence of evidence that this condition arose from any other cause than the heavy rain might have been found to warrant the inference that the filling of the excavation had been improperly done or done with improper material and that, if

greater care had been exercised either in the adoption of a proper plan for filling the trench or in skilful performance of the actual work of filling, the settling would not have occurred. *Johnson* v. *Worcester*, 172 Mass. 122, 123. There is no evidence, however, that after the work of filling had been completed and the bricks replaced there was any indication that the work had not been carefully done or that any defect existed. The real question, therefore, is whether there was evidence to support a finding that the defendant had or might have had reasonable notice of this defect by the exercise of proper care. The only evidence bearing upon this point was that the permit had been issued by the public works department of the defendant to a drain layer to make the excavation for the purpose of connecting a house with a main drain, and that no inspection of the actual filling of the trench was made by the defendant. This branch of the case is therefore narrowed to the point whether in these circumstances a municipality is chargeable with notice of a defect arising in connection with the making and refilling by a contractor, under a permit issued by the public works department of the defendant, of an excavation undertaken in behalf of an abutting landowner for connection of his house with a drain in the street, when there is no outward indication of any defect. In other words, must the municipality at its peril inspect the work of filling and covering every excavation made for abutting landowners or public service corporations in a street or be chargeable with notice of any defect in the work as done? It is to be noted that the work undertaken in the case at bar was of most simple and ordinary kind, and under proper regulations an excavation which an abutting landowner had a right to make. We are of opinion that a municipality cannot rightly be required under the terms of the governing statute to maintain an inspector continuously on all such fillings in order to relieve itself against liability under the statute based on notice of defective filling. Where such work as this when finished appears to be properly done, it cannot be held under the words of the statute that a municipality has notice of a defect arising from some want of care on the part of the drain

layer in making the filling. The city or town is not bound to presume that defects in streets or sidewalks will ensue from work of that kind unless constant supervision is maintained. The statute does not impose upon the municipality the burden of assuming that drain layers will be careless in the performance of their work unless continuously watched. *Connelly* v. *Boston,* 206 Mass. 4, 6. Different circumstances as to the nature of the excavation and attendant condition might call for a different result, but we are of opinion that in the case at bar the plaintiff failed to establish liability on the part of the defendant.

The case at bar is distinguishable from cases like *Stoddard* v. *Winchester,* 157 Mass. 567, 574, and *Johnson* v. *Worcester,* 172 Mass. 122, 123, where the work resulting in the subsidence of the highway was done by servants of the defendant, and from cases like *Stoddard* v. *Winchester,* 157 Mass. 567, 574, *Bingham* v. *Boston,* 161 Mass. 3, 7, *Bleistine* v. *Chelsea,* 204 Mass. 105, 109, *Connelly* v. *Boston,* 206 Mass. 4, 6, and *Stewart* v. *Boston,* 223 Mass. 525, 527, where there were obvious facts to show that a defect existed on or under the surface of the street. It resembles and is governed by cases like *Brummett* v. *Boston,* 179 Mass. 26, *Taylor* v. *Sterling,* 250 Mass. 123, and *Silva* v. *Somerville,* 253 Mass. 545, where the defendant was exonerated from liability because of failure of proof that it had notice under the statute.

It follows that in the case at bar the verdict was correctly directed in favor of the defendant.

*Judgment on the verdict.*