### JULIA J. WALSH *vs.* CITY OF BOSTON.

Suffolk.     October 4, 23, 1933. — October 27, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Way*, Public: defect.

Evidence, at the hearing without a jury of an action against a city for personal injuries sustained by reason of a defect in a concrete sidewalk, that, near a newly built house, a section of the sidewalk three feet wide had been removed and replaced with earth, which appeared to be level with the remainder of the sidewalk and looked all right; that, while the plaintiff was walking on the sidewalk, the earth caved in and he fell into a hole three feet wide and three feet deep; and that the only record concerning the issuance of a permit for the opening of the sidewalk at that place was of a thirty day permit issued for connecting drains more than three months previous to the accident and of an inspector's report of openings about a week after the permit was issued, would not have warranted a finding that the defendant had, or by the exercise of proper care might have had, reasonable notice of the alleged defect; and the trial judge was justified in ruling as a matter of law that the plaintiff could not recover.

TORT. Writ dated July 20, 1928.

The action was heard in the Superior Court by *Weed*, J., without a jury. Material evidence is stated in the opinion. In his findings, the judge stated, "No evidence was offered other than is . . . [stated in the opinion] bearing on the question of whether or not the defendant had, or by the exercise of proper care and diligence might have had reasonable notice of the conditions that led to the plaintiff's injury.

In view of the foregoing I rule as a matter of law that the plaintiff is not entitled to recover because of the lack of any evidence that the city had actual or constructive notice of the defective condition of the sidewalk which resulted in the plaintiff's injury, prior to the accident."

There was a finding for the defendant. The plaintiff alleged exceptions.

*A. C. Blake,* for the plaintiff.

*J. B. Sullivan,* for the defendant.

RUGG, C.J. This is an action of tort to recover compensation for injuries received by the plaintiff on the evening of March 12, 1927, through a defect in a sidewalk. The trial judge ruled that the plaintiff was not entitled to recover because of the lack of evidence that the defendant had actual or constructive notice of the defective condition of the sidewalk which resulted in the injury. The evidence on that point was this: While the plaintiff was walking on the sidewalk, the earth caved in and she fell in the hole, which extended across the sidewalk and was about three feet wide and three feet deep. She went into the hole up to her hips and her feet hit some pipes at the bottom. There was no evidence that any indication of the hole existed prior to the accident. The sidewalk was of concrete and a new house had recently been built on a nearby lot. The place where the plaintiff fell was on a part of the sidewalk where the concrete had been removed for a space of three feet and replaced with earth. The earth appeared to be level with the concrete and looked all right to the plaintiff but gave way and caused her fall. It was agreed in behalf of the defendant that an opening was not made across the sidewalk without a permit. The only record of a permit for this place was of one issued on November 23, 1926, good for thirty days, to connect drains, and an inspector's report of openings on December 2 and December 4, 1926.

The ruling was right. The case is governed by *Stone* v. *Boston,* 280 Mass. 31, where the pertinent authorities are reviewed.

*Exceptions overruled.*